[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, David J. Babis, has brought this action against the defendants Steven Guardier, a licensed insurance agent employed by the defendant, Sheehy Insurance Agency, Inc., the employer Sheehy, and Liberty Mutual Insurance Company, alleging legal responsibility for failure to provide insurance coverage for a motor vehicle accident which occurred December 7, 1989.
Some factual background information is required.
In 1988, the plaintiff secured a policy of insurance for his 1988 Toyota truck through the defendant Guardier and the Sheehy Insurance Agency covering the period October 20, 1988 to October 20, 1989. The coverage obtained was under The Connecticut Assigned Risk Plan through the defendant Liberty Mutual Insurance Company. The insurance policy provided:
 "This policy shall expire on the date shown except that it may be continued in force for successive policy periods by the payment of the required renewal premium."
There was testimony by one, Ronald Allen, Manager of the defendant, Liberty. Mutual underwriting division of assigned risks, which the court finds credible, that on or about September 1, 1989, well before the expiration date of October 20, 1989, Liberty mailed to the plaintiff an Automobile Insurance Rating Questionnaire and an Assigned Risk Plan Renewal Offer to renew upon payment of premium $2,180.00. The renewal offer stated:
 "If you fail to remit the renewal premium on time, no further additional notice wil [will] be CT Page 10492 required to terminate your Automobile Coverage."
Copies of the questionnaire (Ex. B) and the renewal offer (Ex. 1) were also mailed to the defendant Sheehy.
The plaintiff admits having received the rating questionnaire but denies having received the renewal offer and no premiums were ever paid.
On September 5, 1989, plaintiff was involved in an accident with his Toyota truck, made a claim for collision coverage under his policy and said claim was paid by Liberty.
On December 7, 1989, plaintiff was involved in another accident with his Toyota truck, and, upon reporting this to the defendant Guardier, discovered that his policy was "cancelled." Actually, there was not a cancellation. What occurred was simply a non-renewal for failure to pay his premiums. The court finds it significant that he later stated to one, June Fasulo, secretary for Sheehy, that, "Steve [Guardier] should have back-dated the policy to provide for the December accident." The plaintiff denied that he had made such a request.
The plaintiff now brings this action claiming:
 A. 1. negligence against Sheehy and Guardier for failing to submit the plaintiff's application for renewal in timely fashion; 2. failing to notify the plaintiff that he had no coverage; 3. failing to exercise reasonable care to procure proper coverage for him.
 B. A breach of agreement on the parts of Sheehy and Guardier to procure insurance coverage on his behalf.
 C. The failure of Liberty to provide the plaintiff with either a notice of non-renewal or a premium billing notice, in violation of Conn. Gen. Stat. 38-185w.
Finally, the plaintiff alleges in paragraph four of the complaint that the actions of all the defendants were unethical, oppressive and unscrupulous in violation of Conn. Gen. Stat.42-110b.
Counts one and two of the complaint deal with the claimed CT Page 10493 liability of the defendants, Guardier and Sheehy. Count one alleges negligence in three specifications, as above noted, A, 1, 2, 3 of this memorandum. The court is unable, from the evidence, to spell out a duty on the part of the defendants, Guardier and Sheehy, which would lead to a finding of negligence. The evidence does not enable the court to find an obligation on the part of the defendants, Guardier and Sheehy, to submit the plaintiff's application for renewal of his policy. It was the plaintiff's obligation to either accept or reject the renewal offer he received the early part of September, 1989. Although his testimony asserted non-receipt of the renewal offer, such testimony was vague and uncertain, and in direct conflict with allegations 6 of the first count and 4 of the third count, in which he admitted receiving such application for renewal.
Nor, does the court find that there was a duty on the part of Guardier and Sheehy to notify the plaintiff that he had no coverage for the accident of December 7, 1989. For the reasons already stated, and the additional reason that there is no evidence with respect to the practices and policies of insurance agencies governing assigned risk policies. Indeed, it was Guardier's testimony that it was not the defendants' policy to notify an insured of the potential expiration or of an expired policy in assigned risk plans.
With respect to the claim that these defendants failed to exercise reasonable care to procure proper coverage for him, the short answer is that coverage was obtained for the plaintiff for the period October 20, 1988 — October 20, 1989. He was placed in the assigned risk plan. Thereafter, defendants Guardier and Sheehy had no role in the particular company which was selected to provide the plaintiff coverage. This was effectuated by others. From that point on, any renewal activities were conducted between the insured and his insurance carrier.
The plaintiff further alleges in count two that Guardier and Sheehy breached their agreement to procure insurance coverage on the plaintiff's behalf. Similarly there is a scarcity of evidence to reflect that there ever was such an agreement.
Count three of the complaint deals solely with the Liberty Insurance Company. The sole gravamen of this count appears to be that Liberty failed to send the plaintiff any notice of CT Page 10494 non-renewal or any premium billing notice as provided by Conn. Gen. Stat. 38-185w. This section is now included in Conn. Gen. Stat. 38a-323(a) and (b). With respect to the claim of failure to notify of non-renewal, the evidence does not reveal that Liberty intended not to renew. Liberty did send notice of an offer to renew the early part of September, 1989 (Ex. 1). With respect to the claim of failure to provide a premium billing notice, the same is included in Ex. 1, which notice was mailed to the plaintiff well in advance of the 30 day requirement provided in 38a-323 (b). As is noted in defendant Liberty's brief, all that is required by the statute is proof of mailing, not receipt by the sendee. And, as is further noted, this court is satisfied from the testimony of Ronald Allen, Liberty's Manager, that the required mailing took place.
The fourth count alleging that the actions of all defendants were unethical, oppressive and unscrupulous in violation of Conn. Gen. Stat. 42-110b requires no discussion. The court finds no merit in the claims set forth in the fourth count.
Judgment may enter in favor of all defendants as against the plaintiff.
BELINKIE, JUDGE REFEREE